Madam Court, would you call the case, please? 15-5, Phil Kline v. Stephen Lesner v. Police Board of City of Chicago, a very important case. Good morning again. Would the attorneys who are going to argue the case please approach the bench, state your name for the record, and indicate to the court how much time you'd like to argue your respective positions. Good morning. Thomas Plinus representing Stephen Lesner, and I'll need 15 minutes. Good morning, Your Honors. Carl Newman on behalf of the superintendent. I'll need 15 minutes as well. All right. And if you need a little additional, we'll give you that time, too. Thank you. Mr. Plinus. Good morning. This is a case of first impression. This case will require the court to determine whether or not the police board exceeded its authority when it ordered the discharge of Sergeant Lesner. This case will require the court to determine whether the police board exceeded its authority when it disregarded the superintendent's determination a cause for discharge did not exist in this case and took the recommended sanction of suspension and instead imposed the sanction of discharge. Now the board says that the superintendent's proposed disposition is only a recommendation which the board is free to ignore. The board's decision says, and I quote, the board has the power to instruct the superintendent to impose any penalty that the board determines to be appropriate. Now the board is an administrative agency. It's a creation of the legislature which has no inherent powers, no common law powers. The board must find in the statute which created it the authority and authorization for every power it claims to have. The board must convince this court that either by express authorization or by implication it has the authority to do what it did in this case. After the events of February 2009, the superintendent did not immediately suspend Sergeant Lesner. He was reassigned from the duties he had been performing. Let me ask you, you agree that the board can reduce the superintendent's recommendation, for example, here it was 60 days. Could the board have said 45 days? And you would say that that's permissible. Isn't that correct? I would say that would be permissible because the superintendent recommended suspension as opposed to some other disposition. And the board, I think, has the authority to move within that recommendation of suspension to impose an amount which it feels is appropriate. So your argument would be that if it wanted to impose 90 days, it could not. Is that correct? Is that your argument? That's not my argument. Okay. So for suspension, they could go down to 45 and they could go up to whatever? They could increase it. Increase it and go down. So why doesn't that apply to discharge? Because in the first instance, the superintendent must take a case and make a determination as to whether or not cause for discharge exists on the facts of the particular case. If he determines that cause for discharge does not exist, then he's going to impose a period of suspension. That period of suspension could be anything from 30 days to 60 days as it was in this case to 90 days. I don't know that there's really an upper end limit to the amount of suspension the board can give. But the board can only suspend when the superintendent has recommended suspension because that recommendation is based upon the determination that cause for discharge does not exist. In all your years, Mr. Plinus, you've been representing the police officers for 30 years? A few more than 30. All right. Are you aware of any case where the police board has imposed a sanction of discharge where the superintendent filed charges for calling for suspension? This is the first one. Is there a reason for that in your mind? A reason why this is the first one? I don't know what the superintendent's motivation was. I don't know what the board's motivation was. But what I think happened here is that the board is looking for a way to expand its authority beyond what it's statutorily been granted. And the facts of this case made whoever is the moving force behind this on the board, made them think this is the perfect case for us to do that. Well, if that's the case, do you care to speculate as to why the board would not engage the city council and ask for the authority to do that through legislation or a municipal ordinance? Would that be the better way to go? That would be the appropriate way to go. But that's not the way they want it, obviously. They're hoping that this court will sanction what they've done, and then they'll have the authority they want. In your mind, the board is asking this court to write the legislation that they have not sought from the city council? Is that basically what you're saying?  But isn't it true that we're supposed to give substantial weight and deference to the board's interpretation of its rules and regulations and procedures? That's true, right? That is true. Okay. And you were told by the hearing officer, in fact, that the board's position is that it can increase or decrease or reduce that 60-day penalty. So the hearing officer is expressing to you what the board is already feeling, and that's how the board indeed interpreted the situation. And why shouldn't we give that substantial weight and deference? I think the substantial weight and deference applies to the standard of review that this court is going to impose. That's not the standard of review. The standard of review is different than giving an administrative agency interpretation of substantial weight and deference. You seem to be mixing the two up. Well, perhaps I'm not making myself clear, but I don't believe I'm mixing the two up. When this court decides a question of law, its review is de novo. But it is required to give weight and deference to the agency's determination of its own statute. But the agency's determination doesn't trump this court's determination on a question of law. Mr. Plinus, let me ask you this question, given your years of experience. Are the superintendent's powers absolute? That is, whatever he recommends to the board, they have to follow? Oh, no, absolutely not. The statutory scheme that's in place gives the superintendent many powers and many responsibilities. Are there limitations on those powers? Every power the superintendent has is limited in some way by the police board. Right. It's subject to the rules of the department and the instructions of the board. That's Chicago Municipal Code 284-050. Well, how do the board and the superintendent interact then? Are you telling the court or suggesting that the board is simply supposed to rubber stamp what the superintendent recommends? No, not at all. Let me try to explain it this way. There's various levels of discipline or severity of sanctions that can be imposed. The one which is chosen by the superintendent has a direct effect on the board's responsibilities when it reviews the superintendent's order of suspension. For example, if the superintendent decides to suspend an officer for 1 to 5 days, the statute contains no review by the board. Okay. If the superintendent decides to suspend for 6 to 30 days while the statute doesn't provide for board review, the board's rules do based upon the Supreme Court's decision in Kroepel v. Catalyst. If the superintendent recommends suspension for more than 30 days, that access or the balance must be reviewed, approved, and imposed by the board. Imposed by the board or by the superintendent? More than 30 days is imposed by the board. Less than 30 days or less is imposed by the inherent statutory authority of the superintendent. That's why in this case… Well, how do you interpret this word instruction? And the superintendent is subject to the rules of the department and the instruction of the board. And then when you talk about the superintendent's powers, it says to appoint, discharge, suspend, or transfer. So doesn't the board have discretion within those four things to take action? If it's more than 30 days, the recommendation of the superintendent? What the board doesn't have is an express authority to impose a sanction different or greater, I should say greater, than the one chosen by the superintendent. So you interpret that word instruction to limit the board's power to act, essentially. The superintendent is the CEO of the department. He's there running the department on a day-to-day basis. He is in the best position. I get that, but the rules, the municipal code provides that everything is subject to the rules of the department and the instruction of the board. I don't understand how they interact. I'm just not clear. Well, I don't think the phrase instruction of the board, as used in the statute, applies to this situation or applies to any disciplinary situation outside the confines of a particular case. I don't think that the police board can instruct the superintendent to act in some way that's contrary to a statutory authority. Now, there is a provision in the municipal code about the board members making recommendations to the department, to the superintendent. But they're only recommendations and they're just posted on the police board's website. That is not what we're talking about here. What about Section 2-84-030, which invests the board with its authority to, it says, adopt rules and regulations and so forth and serve as a board to hear disciplinary actions. And then it says, for which a suspension of more than 30 days expressly reserved to the superintendent is recommended. Now, that's what you're talking about, right? Yes. All right. But then it says, or for removal. And then it says, or discharge. The recommendation language precedes the words removal and discharge. Therefore, it doesn't, if you look at the way the words are phrased, the recommendation is only with regard to the 30 days expressly reserved. It could be argued that the board then has its own authority. But there's no limitation in that language which regards to removal or discharge. So once it goes before the board, they have that opportunity. It doesn't need to be recommended by the superintendent because those words only modify what preceded it, which is 30 days expressly reserved. Well, I disagree with that. On the basis of what? I'm using just statutory construction. The last sentence rule. The municipal code provisions, as well as the state statute, use the word recommended and recommendation in various ways. They refer to the superintendent's initial proposed sanction as recommendation. But I'm not talking about that. The word recommendation precedes anything having to do with removal or discharge. Right. So it doesn't say anything about the superintendent recommending removal or discharge. The superintendent initiates the jurisdiction before the board by recommending suspension, removal, or discharge. And depending on what he recommends, there is a role for the board in each of those provisions. Now, I've never seen a demotion case, but I have seen plenty of suspension and discharge cases. I think all that phrase means is that's how the process and, indeed, the jurisdiction of the police board is invoked. What's the difference between discharge and removal? Is there any? Yes, removal pertains to demotions. That's just a term of order, a custom in usage? Yes. It's actually an older term. If you look at some of the older police board cases and civil service cases, they use the word removal to indicate a demotion. The Hurley case I cited uses that term. All right, so if the superintendent wanted to remove somebody from the position of detective down to a patrolman? Yes. Something like that. It would be a demotion. That would be a removal. A removal. As opposed to discharge, which would commonly be called a firing. Firing or separation. Separation, okay. So if the recommendation of the superintendent is removal, it's your position then that the board cannot discharge that individual. Is that correct? That would be correct. So the board is stuck with whatever the superintendent has done. But if the superintendent either suspension, remove, or discharge, it's in one of those three buckets, and the board is hands are tied to do anything else. Yes, that's essentially correct. So what authority do you have? The board's options are limited by what the superintendent has filed to initiate the proceedings at the board. And what authority do you have that the superintendent would be in a better position than the board to determine the appropriate discipline? The superintendent is the chief operating officer of the police department. He deals with the department's staffing, needs, finance, morale, discipline on a daily basis. He's the one who's there doing the job. As opposed to the police board, who are a group of citizens that are not police officers, they meet one day a month. They don't have the knowledge, the training, or the experience to make these kinds of decisions. So what Justice Neville was talking about apparently is something you don't believe in, even though that's the rule. And that is that the powers and duties of the superintendent are subject to the rules of the department and the instruction of the board. So you don't believe that the superintendent should be subject to the instruction of the board. Otherwise, you wouldn't say what you just said, because the board can instruct the superintendent. I believe what I said was the board cannot instruct the superintendent in a particular discipline case. Where does it say that? Where's the language? Where's your support? I mean, it doesn't say except in disciplinary cases, does it? No, it doesn't. And the board has never interpreted it that way. My client, our position, if you will, is that we don't have to prove that the board doesn't have the power to do what it's done. The board has to prove that the legislature gave it the authority to do what it has done. Or that the fair implication and intent to achieve the objectives with the agency was created. So it doesn't have to be explicit. It can be by fair implication. It could be by implication, but the superintendent filed a brief in the circuit court. The board filed a separate brief in the circuit court. And neither one of them argued that they had this power by implication. They do not. They haven't made that argument in this court either. We haven't heard from them. Well, if it's not in the circuit court. It's not in their brief. I mean, normally we don't allow that. We call it either waiver, forfeiture, abandonment, or bringing up something new for the first time on appeal. Mr. Planus, thank you. We'll give you some time in your funnel, okay? Thank you. Thank you. Mr. Newman. Thank you, Your Honor. Good morning. May it please the court. The decision of the police board should be affirmed. What is your response to what we were just talking about? At the end there? What's the implication? Yeah, so the argument that we made in the circuit court, the argument we make in our brief is the same, which is that the board is the express power under the statute and ordinance to order discharge. Where is that? So that's in both. The statute and the ordinance is probably easiest to look at in the ordinance, which says that the board shall serve as a disciplinary hearing body. What section are we talking about? So this would be 2840303, which lays out the adjudicative part of the police board's powers generally. So that section says that after hearing the board shall make findings and a decision and that they, on majority vote, may concur in the entry of any disciplinary recommendation or action. It also says that their decision will be, it says that the superintendent shall enforce it forthwith, meaning that the superintendent is bound by the board's decision. We believe that that is the language that gives them the power. Well, don't you think the city council was qualified and capable of saying in an ordinance that the police board has the authority to discharge a police officer? Don't you think they could say that? Yes. They've never said that, have they? Well, I actually think it's the cases of this court and I think both parties agree. Has the city council ever said that in a municipal ordinance? Merely, the police board has the power to discharge an officer after a hearing? Yes. I think that that is. . . No, have they ever said that in legislation? Verbatim, no, but I believe that they're. . . Do you think they're capable of doing it? Yes. Okay, now let me ask you a question. Who did the corporation council represent before the police board? The superintendent. And it took the position that the superintendent's position of 30 days should be upheld, correct? We argued in favor of the 60-day suspension. 60 days, okay, 30 already spent and then an additional 30. 30 on the superintendent's own authority and then the other 30. . . So you represented the superintendent's position at that point on 30-day suspension only, correct? So I actually think technically our position would have been. . . No, no, what was it? I'm saying that the recommendation would have been for a 60-day suspension was the appropriate penalty. Penalty, 30 already served and the 30 additional that needed to be approved by the board, correct? Well, really they review both. The 30 on their own authority is reviewed in the course of the hearing. Then you went in front of the circuit court representing whom? Superintendent. And your position in the circuit court was what? Our position in the circuit court was that the board's decision to discharge Lesner was not arbitrary, unreasonable, or unrelated to the needs of the service. Contrary to your position before the board. The questions are different. The question in the first instance is what do you think is the appropriate penalty, make a recommendation, and we did. On behalf of the superintendent. And then you were representing the superintendent in the circuit court or the board in the circuit court or both of them in the circuit court? Just the superintendent. And we still only represent the superintendent. Part of the response, isn't it true that you entered into a stipulation? And that stipulation said that you would accept the 60-day suspension, but the board found it invalid and that was rejected. So the reason you were doing it before the board was because of the stipulation. But once the board rejected that stipulation, you were free to take whatever position you wanted. Yes, I believe that's true, although I wouldn't want to mislead the court. We did argue for the 60-day suspension at the conclusion of the police board hearing. At the police board hearing? Yes. So what led you to stop from maintaining that position? How are you allowed to take a new position at the next step and represent a contrary position before the circuit court? Well, so first I would argue that it's not a contrary position because the questions are different. A question about the board's statutory authority, which is really primarily what this case concerns, is a different question than what penalty would you recommend. And second of all, I would say that there actually isn't a claim in this appeal by Lesner about judicial estoppel. It was made in the circuit court and was rejected by the circuit court. We haven't briefed it because it wasn't made in the briefing before this court, but I believe the circuit court's decision cites the Illinois Supreme Court's decision of People v. Jones in 2006. And I believe that that's probably the appropriate authority for that argument. So you're representing the superintendent only before this court? Yes. And no one's representing the board? That is correct, Your Honor. Is that unusual? The superintendent and the police board filed briefs separately in the circuit court. They were filed on the same day, and then both parties learned, both of those two parties, learned that they really made essentially the same argument, and the police board sees no need for a second brief to make the same argument in this court. Do you see any conflict at all between the corporation council representing different positions and now representing trying to defend the decision of the police board? It's not the superintendent's decision. No, but I think that the superintendent... ...whose decision it was not a part of. And I do not represent the police board. I understand that. So it's the police board's decision that is up for review, correct? Absolutely. So why is the superintendent advocating on behalf of the police board when it's not the superintendent's decision that is before the court? We have an interest in the answer to both questions. First, we the superintendent, being that the ordinance gives the board the power under the ordinance and the statute, gives the board the power to order discharge even when the initial recommendation was for a lesser penalty. That is a question of statutory interpretation, a question of the interpretation of the city's own ordinances that we have an interest in. This goes to really the foundation of what the whole police board system is. The superintendent participates in the police board cases by acting as a prosecutor. This whole case is premised on the assumption that the superintendent makes a determination on cause for discharge. But under the statute of the ordinance, the superintendent has no power to make that determination. We no more make a determination that there's cause for discharge than we make a determination that the violations have been proved at the end of the hearing. We argue at the end of every hearing that we prove the charges we brought and we recommend a particular sanction and argue for why that's the appropriate sanction. The police board then has the power to disagree with us on both fronts, and they do with some regularity. Now, what's different, to go to your question to my colleague, what's different in this case is that they ordered something that was more than what we asked for. Now, I don't know that I actually agree this is a case of first impression because there's many cases where the superintendent recommends discharge and the board orders less. That happens all the time, and the statute and the ordinance don't contain any language that would limit the board to only going down instead of being able to go above the recommendation. And I highlight that because... So the board doesn't see itself as in buckets, so to speak. If it was only discharged by the superintendent, they could go into suspension. Absolutely, and they do. That has happened many times. It happens with some regularity, in fact. Yes. And I want to go to this question about the plain and ordinary meaning of the language, particularly about the use of the word recommendation, because there was some discussion of that before. Now, the statute and the ordinance, so the General Assembly and City Council, have chosen to describe the superintendent's role in these proceedings when it comes to the choice of sanction with the word recommendation. Now, we cite a dictionary definition in our brief, but fundamentally, recommendation, meaning a considered suggestion, does not mean upper limit on the board's choice of penalty. So I heard my colleague today say that the board could perhaps go down, but maybe not go up. I think that that's not the plain and ordinary meaning of the word recommendation. And by distinction, the board's action is described as findings and a decision, and that we think inherent in the idea that they make factual findings on the violation and make a decision on the sanction is that they can disagree with us. Why wouldn't the superintendent, if your position was accepted in this case, why would the superintendent ever recommend or impose a discipline of greater than 30 days, knowing that if he believed that 50 days, 45 days, 6 months was appropriate, not discharge, but knows that the board, under this unspecified interpretation of the rules, had the ability to discharge an officer he did not believe should be discharged, why would the superintendent not just drop it at that point and get the recommended, in his judgment, professional judgment, penalty that he thinks is best for the officer and the department, the morale, the whole thing? Why would he do that? Okay. Well, so a couple of responses to that. So one is, in this case, there would have been a possibility at the point that the stipulation was rejected, the superintendent could have withdrawn the charges and on his own authority imposed a suspension of 30 days, and he elected not to do so. Two, I think the reason why the superintendent can trust the judgment of the police board is their judgment is fairly predictable. And three... Fairly predictable? This has never been done before, has it? This one's new, but the question before the court... Ah, so it's not predictable. The question before the court is a question of statutory interpretation. So the answer will apply in the ordinary mine run cases as well. So in all the years that the Civil Service Commission, the police board has been in existence, disciplining police officers, in all those years, long before you were ever born or before I was born, this has never happened before, correct? To the best of our knowledge. You know it's never happened. Yeah, but there's a couple of reasons why I think that's the case, why it hasn't come up before. This exact situation where what's recommended is suspension and what's ordered is discharge. One, I think that there's... If you look at the police board cases, it's a relatively small sample size of cases, and looking at just the public's decisions in the last two years, I think you'd find that probably eight in ten are cases where we recommend discharge from the start. So ordinarily, there's no option to go above discharge to the police board, and if the recommendation is usually discharge, there aren't going to be a lot of cases in this sort of position in the first place. Second, I think historically speaking, there maybe weren't as many cases seeking long-term suspensions. There was a lot of discharge and then... This was 30 days, 60 days at best. That's not unusual, is it? It's actually the minority of cases before the police board. No, no, no, in this type of suspension. Oh, yes. And so then there's another reason why... It's not unusual for the superintendent to ask for 30 or 60 days, is it? Not terribly unusual, but it's not... It's also a little bit different. There's an important distinction that's not in the briefing because it's not part of this case, which is that the Fraternal Order of Police contract, the current collective bargaining agreement, allows the superintendent to suspend for up to a year outside of the police board process. Now, Lesnar is a sergeant, so he wouldn't have been subject to that contract. So there wouldn't have been... Our position then and our position today is that at the moment we submitted a stipulation and said 60-day suspension, that there would have been no way for us to impose that penalty without the police board ordering it. And our position then and our position today... That's pursuant to the ordinance of the statute, that the superintendent, when he wants to impose a suspension of greater than 30 days or a discharge, that action has to be ratified or approved by the board, the majority of the board. So our position... Our position, is that correct? Not just ratified, Your Honor. They have the power to make that determination. A 60-day suspension is not something the superintendent can do on his own, nor is discharge. Only the board can order that. Why would the board have a hearing if all they can do is stay with whatever recommendation was made by the superintendent? Absolutely, Your Honor. I believe if the superintendent's recommendation, which is made before any evidence is heard, if that binds the board's decision later on, that makes that hearing a lot less meaningful. Well, meaningful to who? It's very meaningful to the employee because the employee is at risk. So that's... The employee has a chance of defeating the superintendent or getting a lesser sanction. Traditionally, for well over 100 years, now all of a sudden, if the superintendent, in his best judgment or her best judgment, says 60 days, 6 months, the officer now is at risk for discharge because the board now decided that that's within their authority? Where does this come from? Yeah, the statute has not changed. And so there is no new power here. This is a power that, as you, I think, point out, there's a long history of them not exercising it. But that's not the same thing as saying it's not in the statute or the ordinances. And particularly, we make this argument in our brief about the power to discharge. And the statute and the ordinance contain the same language. And it's sort of written from the officer's perspective, actually. And it says that no officer may be discharged except for cause upon written charges after a hearing before the board. So Lesner's argument today is that we should read in a fourth precondition that's not in the statute that says, and the superintendent recommended discharge at the time you filed charges. The statute and the ordinance make clear that when they say file charges before the board, they're talking about charges for which the superintendent recommends in excess of 30-day suspensions. That goes all the way up to discharge. Or what's the word? Removal? Or removal, yes. Or discharge. Yes, which I actually don't believe removal means demotion. It's not briefed because it's not an issue in this case. But I have struggled to determine what the difference between removal and discharge is and haven't been able to find a case that explains it. But the police board does not order demotions. So I want to clarify that. But our position that this statute, which lists three conditions for discharge, that that should be interpreted under ordinary principles of statutory construction to be the exclusive list of conditions and that a fourth one cannot be read in. And, in fact, Lesner has not identified some ambiguity in the statute that he would like to construe, which is similarly why there's no reason to go to the legislative history of civil service protections for the Chicago Police Department. We never need to get to that history if there's no problem just on the plain language of the statute. And he hasn't identified some ambiguity that requires recourse. But his position is that you have to identify the legislative language that gives you the authority. He doesn't have to say the negative. So where is the specific language that says the board has the authority to where the superintendent files charges recommending a period of suspension that the board has the authority to discharge? Where is that specifically stated in the ordinance? So the ordinance and the statute say that when the superintendent files charges, seeking access of 30 days, that's sort of just one class of cases. It's sort of almost like the felony threshold is one year and a day. Which means it's not in the statute. It doesn't need to be because what the statute does say is that when the superintendent files charges, like he did in this case, seeking a 60-day suspension, that then there's going to be a hearing before the board and the board is going to make a findings and a decision. On the recommended charge of suspension. On the charges that are filed, the alleged violations, whether or not the evidence is proved. But recommendation does not mean this is the upper limit. I don't think that there's a fair way to read the word recommendation in the statute or the ordinance to mean upper limit. That's not the plain and ordinary meaning of that word. And I do want to get to just briefly, although as we say in our briefing, as I've said this morning, that the legislative history, which goes back some 150 odd years of civil service protections for the Chicago Police Department, we believe until there's an ambiguity that you need to go to the legislative history to answer some question, you don't actually need to approach that. But I do want to address briefly some of the legislative history that's cited in Lester's brief. It's a one-sided accounting. And it goes to something that I think is really central to this case. Under his reading of the history, the purpose of the police board is to protect police officers from discipline. That is fundamentally his argument. Our position is that the police board's role is to impose the appropriate amount of discipline. In this case, I heard the question before, is there a reason why this is the first case the board has done this? And my colleague said that he does not know the reason. But I actually read the board's decision explaining why they believe discharge is the only appropriate sanction in this case. That's their words. Those are the reasons. Well, they may believe that's the appropriate sanction, but what gives them the authority to do that? That's the question. On administrative review, this court on a weekly basis is confronted with the proposition that it's the decision of the administrative agency that we give deference to as long as they're acting within their legislatively granted authority. And that we as a court do not have the right to impose what we think is the better action. Okay? So the board can sit there and say we think the appropriate sanction, Mr. Superintendent, is removal, which is fine. They can say that. But what gives them the authority to effectuate a removal? What statutory or ordinance grant gives them that power to do it? Not to say it, think it, wish it, hope it. Absolutely. Oh, I think I may have misunderstood part of what you were going for before, but now I think I understand. They make findings in a decision after presiding over the hearing, and then the language in the statute and the ordinance says that the superintendent shall enforce that forthwith. The superintendent is required to follow their decision. Even if they don't have authority to impose that sanction? They have the authority to impose that sanction. No, no, his question is the authority, not what you're asking. Oh, yeah, then the power to preside over the hearing and to make findings in a decision on the disciplinary case, that is the authority to order discharge even in contravention of the superintendent's recommendation. And then that decision is reviewed as to whether it's arbitrary, unreasonable, or unrelated to the needs of the service. So I think... Or beyond the scope of their authority. Yes. That's the first question. Yes, but in terms of... Yeah, but I think what I want to say about that is that the language in the statute and the ordinance, I don't know how it could be read that they have to be limited by the recommendation in the first instance. I don't think that that is what recommendation means. I don't think that that is what findings in the decision that binds the superintendent are. I think that the language that they may, a majority vote must concur in the entry of any disciplinary recommendation or action necessarily implies that they can do something other than the recommendation, and I don't think it would be an accurate reading of the plain language to say that that means or lesser action. All right, do you have anything you'd like to add? Just let me answer this question. The purpose of the hearing is so that the board can make findings in a decision? Absolutely, Your Honor. They make a determination whether or not the violations that were alleged have been proven. Based on the nature of the violations that are proven, they make a determination as to what is the appropriate penalty. Anything else, counsel? Just if you could give me one moment, Your Honor. Oh, I did want to return to just one thing that I believe in response to Justice Neville's question about the language of the ordinances. In 050, the preamble says that the superintendent's power to initiate discipline and to order discharge, transfer, demotion, et cetera, that that's all subject to the instruction of the board. So just the one thing that I wanted to point out is the way that we read these sort of three related sections, 030, creating the power of the board, 040, creating the superintendent, and 050, defining the scope of the superintendent's powers. The city council has made clear in those ordinances, we believe, that the superintendent is not the last voice on these matters of serious discipline. It's the board. And so we think that the preamble language that you cited is an important part of that understanding. And with that, we will ask simply that you affirm the police board's judgment, or decision. Thank you. Mr. Plinus? Thank you. Let me just touch on three things that were brought up by the court when my colleague was standing up here. It has been our position throughout that the board has to be able to point to something in the enabling statute which gives it the express authority to do what it has chosen to do. In its brief, the superintendent writes at page 13 that the police board has the express power to order any disciplinary recommendation or action. Now, when I read that, I literally stopped. And I said to myself, if that's what's in the statute, then they've got it.  It cites to Chapter 25. It cites to the Municipal Code of Chicago. But if you look at the language of the statute, that's not what it says. The superintendent has misquoted the statute. What the statute actually says is, a majority of the members of the board must concur in the entry of any disciplinary recommendation or action. So this is not an express grant of authority. It's a statement of parliamentary procedure. But it does say any. It does say any. It doesn't say simply what the superintendent said. It says any disciplinary. So let us refer to the decision of the board, not the decision of the superintendent. Right. So the board can make any disciplinary decision it wants. Exactly. No. What it means is, of all the decisions the board could possibly make, the one that has the majority support is the one that passes. They need a majority of the members present on the board to enter any order. It doesn't mean they have the authority to enter any order. Why not? I mean, it could be read either way. I don't think it's really capable of being read the way the city has argued it should be. The reversing of any disciplinary action approved by the board is by majority rule. I mean, that's what it's saying. Right. It says... They can make any disciplinary action? No. It says any action or decision which they make must be supported by a majority. It doesn't mean they have the authority to make any decision they want. Justice Pierce, you inquired about the role of the Corporation Council and the superintendent. And I'm glad you did because in my brief, my reply brief, I bring up that point. The hearing officer asked the Corporation Council who was prosecuting the case, what is the superintendent's position? Why is this not a discharge case? Why is this only a suspension case? And at page 6 of my reply brief, I set out the quote from Mr. Meyerson who prosecuted the case. And he gives all the reasons why the superintendent felt this was a suspension case. However, when we got to this level of appeal, the Corporation Council wrote a brief on behalf of the superintendent where he takes a position completely opposite what he took before the board when he was defending a 60-day suspension. Now he's defending the board's decision to discharge. And I just literally don't understand how he can change positions in the middle of this litigation. And finally, in regards to the use of the word recommendation, the Municipal Code section states that upon the family of charges for which removal or discharge or suspension of more than 30 days is recommended, that's the language the board is hanging its head on by saying these are just recommendations. And like any recommendation, we can take it or leave it. But the code goes on to use the word recommendation again, but in a completely different way. It says the majority of the members of the Municipal Code 2-84-030, second page. This is set out in Appendix 4 of the board's brief. It appears to be the fourth paragraph from the bottom. A majority of the members of the police board must concur in the entry of any disciplinary recommendation or action. So they're not talking about the superintendent's recommendation at that point. They're talking about the action taken by the board. And it's referred to as a disciplinary recommendation. Or action. Pardon? Or action. Or action. Do you think those mean the same thing or different? The point I'm trying to make is they use the word recommendation different ways within the same statute. And the first reference is to the superintendent's proposed sanction. The second reference is to the board's decision. So I don't know that you can learn much or that it adds much to this case to hang your head on the use of the word recommendation because it's inconsistently used. And then finally, it says again, no member of the board may participate in any disciplinary recommendation or action without having first read the record upon which said recommendation or action is based. They're referring to the board's action and recommendation. Well, let me ask you, in that context, when they say disciplinary action or recommendation, it seems to me that when it's used as disciplinary recommendation, that's the superintendent. And action is the board's ruling. So the recommendation is one thing. The action is the final result of at the conclusion of the hearing. That would be one plausible way of understanding it. And your position is that nowhere in the legislation, legislation or ordinance, is it specifically granted to the board the power to impose discharge, a discharge action where the recommendation is suspension. That's correct. And if the city council wanted to give the police board that power over all disciplinary actions of the superintendent, it would simply put that in the ordinance. Yes, absolutely. In a nutshell. In a nutshell. The nutshell seems to be correct because the word disciplinary recommendation or action, the word disciplinary can apply to actions just as well as to recommendation because of the word order. And there's no comment between the word recommendation and action. So they're read together. It's a disciplinary recommendation or disciplinary action. That's how you would write it. What's your response? I think it's capable of being understood different ways. I myself have yet a third understanding of it. Recommended discipline is discipline which has not yet been imposed, such as separation or suspensions more than 30 days. Because the system that the statute and municipal court has come up with, lower levels of discipline are not referred to as recommended discipline because those suspensions have already been served. It's the upper level of discipline or separation that are recommended because they haven't yet been put into place. The statutory scheme that's been put in place gives the superintendent the authority to take some action in the area of discipline and the board has a reaction, if you will. They can review it. They can reverse it. They can affirm it. They can lower it. If they're restricted to those options for the lower levels of discipline, I don't see any reason why, consistent with the statutory scheme, at the upper levels of discipline they should be allowed to do and impose any sanction that they want. If the legislature wanted to, couldn't they have placed that same restriction on the upper levels of discipline? That same restriction? Correct. Yes. But they didn't, is that correct? They did by not putting in the statute an express grant of authority for the board to do that. Well, that's one way of looking at it, but it's certainly different from the way it is with recommendations between 5 and 30 days or 6 and 30 days. It is absolutely different because recommendations for those 2, 3, 4, 5-day suspensions, it's clear what the board has the authority to do. They've written it in. It says you can affirm, reverse, reduce. They didn't include that express grant of authority for more serious suspensions. And they certainly didn't include it when the superintendent recommends a suspension that the police board gets to turn that into a separation. Thank you, Mr. Pines. Thank you, counsel. The parties are complimented on their fine briefing in this matter. The matter will be taken under advisement. Thank you very much.